**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 124150
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Alex Yoo,<br><br>                    Plaintiff,<br><br>v.<br><br>JP Morgan Chase Bank N.A., Citibank, N.A., Equifax Information Services, LLC, and Experian Information Solutions, Inc.,<br><br>                    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Alex Yoo ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against JP Morgan Chase Bank N.A.,  (hereinafter referred to as *"Chase"*), Citibank, N.A. (hereinafter referred to as "*Citibank*") (Chase and Citibank are hereinafter referred to "Furnisher Defendants"), Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*") and Equifax Information Services, LLC (hereinafter referred to as "*Equifax*") (Experian and Equifax are hereinafter referred to as "*CRA Defendants*") (collectively Furnisher Defendants and CRA Defendants are referred to as "*Defendants*") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq.*

2. This action is commenced against the CRA Defendants for reporting inaccurate or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having

1

received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports.

3. This action is commenced against the Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) and for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

**JURISDICTION AND VENUE**

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

**PARTIES**

8. Plaintiff Alex Yoo is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

9. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c)

10. Defendant Chase is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b)

11. Defendant Chase is a National Banking Association that has a principal place of business located at 1111 Polaris Parkway, Columbus, Ohio 43240 is registered to do business in the State of New York and may be served with process on its registered agent 28 Liberty Street, New York, NY 10005.

12. Defendant Citibank is a "furnisher of information" (hereinafter "Furnisher") as contemplated by 15 U.S.C. § 1681s-2(b).

13. Defendant Citibank is a national banking association and subsidiary of Citicorp, which is a subsidiary of Citigroup, Inc., Citibank has a principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Citibank maintains offices and conducts substantial business in the State of New York and in this judicial district.

14. Defendant Citibank is subject to this court's personal jurisdiction in this judicial district.

15. Defendant Equifax is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*") under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

16. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the state of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

17. Defendant Equifax by contractual agreement, disbursed consumer background reports for remuneration to third parties.

18. Defendant Equifax is subject to this court's personal jurisdiction in this judicial district.

19. Defendant Experian is a CRA as defined under 15 U.S.C. 1681a(f) that regularly conducts business in this judicial district.

20. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

21. Experian is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

22. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

**SUBSTANTIVE ALLEGATIONS OF FCRA**

23. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

24. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

25. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

26. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

27. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FACTUAL ALLEGATIONS

**Chase**

28. Equifax and Chase are reporting an authorized user credit card account on Plaintiff's Equifax credit report despite his express request to remove it.

29. This Chase account tradeline is incorrect because it states that it is an "Undesignated" user rather than an "Authorized user account".

30. The appearance of this account on Plaintiff's credit report is inaccurate and misleading as it fails to distinguish Plaintiff's responsibilities from Plaintiff's personal liability of the debt. In addition, it is a charge off account and negatively impacts Plaintiff's credit score and history and the outstanding balance inflates Plaintiff's liabilities.

31. As the account does not belong to Plaintiff and Plaintiff is not personally responsible for the debt, Plaintiff caused a dispute letter to be sent to Equifax on or around November 4, 2021, via certified mail.

32. The dispute letter also enclosed copied of Plaintiff's driver's license, social security card and a bank statement.

33. Based upon United States Postal Service tracking, Equifax received the dispute letter on November 11, 2021.

34. Upon information and belief, Equifax provided Chase with notice of the dispute and all relevant information within five business days, as required by the FCRA.

35. Upon information and belief Chase received the notice from Equifax of Plaintiff's dispute letter and provided Chase with all relevant information regarding the dispute, as required by the FCRA.

36. The receipt of Plaintiff's dispute letter triggered an obligation for Equifax to conduct a reasonable investigation and correct the reporting accordingly.

37. The receipt of the dispute from Equifax triggered Chase's obligation to conduct an investigation.

38. Following the investigation, Chase and Equifax failed to conduct an investigation and failed to delete or correct the reported information accordingly.

39. In addition, Equifax failed to maintain or follow reasonable procedures to maintain maximum possible accuracy by allowing this account to remain despite a proper FCRA dispute letter requesting its removal.

40. Chase and Equifax continued to report this erroneous information to Plaintiff's credit report reducing Plaintiff's credit score and adversely impacting Plaintiff's creditworthiness.

41. This erroneous reporting by Chase and Equifax has cause the Plaintiff emotional distress in the form of anxiety and frustration and this credit reporting has been disseminated to third parties.

**Citibank**

44. Citibank is reporting an authorized user credit card account to Plaintiff Experian credit card account.

45. The appearance of this account on Plaintiff's credit report falsely creates the representation that Plaintiff's liabilities are higher than they should be and thus decreasing Pliaintiff's credit capacity.

46. As the account does not belong to Plaintiff and Plaintiff is not personally responsible for the debt, Plaintiff caused a dispute letter to be sent to Experian on or around November 4, 2021, via certified mail.

47. The dispute letter also enclosed copies of Plaintiff's driver's license, Plaintiffs social security card and a bank statement.

48. Based upon United States Postal Service tracking, Experian received the dispute letter on November 8, 2021.

49. Upon information and belief, Experian provided Citibank with notice of the dispute and all relevant information within five business days, as required by the FCRA.

50. Upon information and belief Citibank received the notice from Experian of Plaintiff's dispute letter and provided Citibank with all relevant information regarding the dispute, as required by the FCRA.

51. The receipt of Plaintiff's dispute letter triggered an obligation for Experian to conduct a reasonable investigation and correct the reporting accordingly.

52. The receipt of the dispute from Experian triggered Citibank's obligation to conduct an investigation.

53. Following the investigation period, Citibank and Experian failed to conduct an investigation and failed to delete or correct the reported information accordingly.

54. In addition, Citibank and Experian failed to maintain or follow reasonable procedures to maintain maximum possible accuracy by allowing this error to persist despite clear evidence or reason to believe that it is false.

55. Defendant Experian was notified of the account when they received the FCRA dispute letter. However, Defendant Experian did not remove or delete the account from Plaintiff's credit file, following the investigation, whilst sharing these inaccuracies with multiple third parties.

56. Citibank and Experian continued to report this account to Plaintiff's credit report without his consent having an adverse impact on Plaintiff's alleged liabilities and causing the Plaintiff stress, anxiety and frustration.

57. This erroneous reporting by Citibank and Experian was disseminated to third parties.

## COUNT I
## CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59. The CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

60. Upon receipt of Plaintiff's disputes, the CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's background reports but failed to do so.

61. Upon information and belief, the CRA Defendants' conduct instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

62. In violation of §§ 1681e(b) and 1681(i)(a), the CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

63. Plaintiff disputed the inaccurate information and the CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

64. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

65. In violation of § 1681o and § 1681n, the CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

66. The CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

67. As a result of the CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

68. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

71. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendants and merely parroting information received from the furnisher.

72. The CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendants all of the relevant information regarding Plaintiff and his dispute.

73. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

74. The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

75. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendants. As such, there is no evidence of a reasonable investigation being conducted.

76. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

77. The CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

79. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendants' Violations of the FCRA, 15 U.S.C. §1681s-2(b)

80. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

81. At all times pertinent hereto, Chase is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

82. At all times pertinent hereto, Citibank is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

83. The Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

84. The Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

85. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

86. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendant, upon information and belief, the CRA Defendants provided Furnisher Defendants the notice of dispute and all relevant information regarding the disputes.

87. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendants received the notice of dispute and all relevant information regarding the disputes.

88. Upon information and belief, the Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

89. The Furnisher Defendants failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

90. Upon information and belief, the Furnisher Defendants' conduct in the instant matter are representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

91. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

92. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

93. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

94. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

95. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

96. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

97. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

98. Further, Plaintiff suffered actual damages which have been further described above in the statement of facts.

99. The Furnisher Defendants' conduct was willful in that they had direct knowledge that the information they were reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notices from the consumer reporting agencies, continued to report the tradeline inaccurately. Alternatively, Furnisher Defendants exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA dispute and failed to conduct a reasonable investigation and failed to correct the credit reporting.

100. The Furnisher Defendants are liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101. In the alternative, the Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

102. For the foregoing reasons, the Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

**JURY DEMAND**

103. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a   Adjudging that Defendants actions violated the FCRA; and

b   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

e   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

f   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g   Such other and further relief as the Court determines is just and proper.

DATED: March 19, 2022

**SANDERS LAW GROUP**

By: ___*/s/ Alain Cesar*___
Alain Cesar, Esq.
100 Garden City Plaza
Suite 500
Garden City, NY 11530
Tel: (516) 203-7612
Email: acesar@sanderslaw.group
File No.: 124150
*Attorneys for Plaintiff*